**E-Filed 5/26/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG TAN HUANG,<br><br>            Plaintiff,<br><br>    v.<br><br>TIM BELL, et al.,<br><br>            Defendants. | Case Number C 10-1640 JF (PVT)<br><br>ORDER[1] DENYING MOTIONS FOR RECUSAL; DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*; AND SETTING DEADLINE FOR PAYMENT OF FILING FEE<br><br>[re: document nos. 3, 6, 10] |

On October 26, 2009, Plaintiff Yong Tan Huang ("Huang") filed suit against Tim and Gayle Bell ("the Bells"). Although the nature and bases for Huang's claims were not clear from the complaint, it appeared that Huang claimed to have suffered injury while working on the Bells' property and that Huang also claimed that a number of non-party judges of the Superior and Appellate Courts of California had acted improperly in adjudicating claims arising out of that injury. *See Huang v. Bell*, C 09-5099 JF (PVT). On December 7, 2010, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* and granting Plaintiff thirty days to pay the filing fee. The order stated that if Plaintiff failed to pay the filing fee within thirty

---

[1] This disposition is not designated for publication and may not be cited.

days, the Court would dismiss the action without prejudice. On January 8, 2010, Huang filed an amended complaint but did not pay the filing fee. On February 2, 2010, this Court dismissed the action without prejudice for failure to pay the filing fee. The Court issued additional orders on March 24, 2010 and April 12, 2010, denying Huang's motion for relief from dismissal and clarifying that the action had not been dismissed on the merits but for failure to pay the filing fee.

On April 16, 2010, Huang filed a Notice of Removal, apparently purporting to remove the instant action from the Santa Clara Superior Court. The complaint in the instant action alleges that Huang was injured while constructing a deck on the Bells' property. Huang sues the Bells and two state court judges; the claims against the Bells appear to be for negligence, while the claims against the judges appear to be for misconduct in the litigation of the state court action. Huang also filed an application to proceed *in forma pauperis*.

On May 7, 2010, this Court related the instant case to the earlier-filed case. As a result, the instant case was reassigned to the undersigned judge. Huang has filed two motions seeking recusal of the undersigned on the ground of bias. Huang's motions arise from his claim that this Court improperly adjudicated the earlier-filed case.

Huang's motions for recusal are governed by 28 U.S.C. §§ 144 and 455. "'The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). "To warrant recusal, judicial bias must stem from an extrajudicial source." *Id*. "'[A] judge's prior adverse ruling is not sufficient cause for recusal.'" *Id*. (quoting *Studley*, 783 F.2d at 939). Moreover, [a] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." *Studley*, 783 F.2d at 940 (citations omitted). "[T]he challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." *Id*. Huang's motions for recusal are based upon this Court's adverse rulings in his earlier-filed case. As noted above, a prior adverse ruling is not sufficient cause for recusal. Accordingly, the motions for recusal will be denied.

Huang's application for leave to proceed *in forma pauperis* likewise will be denied.

Case No. C 10-1640 JF (PVT)
ORDER DENYING MOTIONS FOR RECUSAL ETC..
(JFLC2)

1  Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action
2  *in forma pauperis* if the court is satisfied that the would-be plaintiff cannot pay the filing fees
3  necessary to pursue the action. 28 U.S.C. § 1915(a)(1).  The court may deny *in forma pauperis*
4  status, however, if it appears from the face of the proposed complaint that the action is frivolous
5  or without merit.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First*
6  *National Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).  As presently drafted, the complaint
7  appears to be without merit in that it fails to set forth a cognizable claim against any of the
8  defendants.  If Plaintiff does not file an amended complaint AND pay the filing fee within thirty
9  (30) days of receiving this order, the Court will dismiss the action without prejudice.

## ORDER

(1) Huang's motions for recusal are DENIED;

(2) Huang's application for leave to proceed *in forma pauperis* is DENIED; and

(3) Huang shall file an amended complaint AND shall pay the filing fee within thirty (30) days of receiving this order.  If Huang fails to file an amended pleading or to pay the filing fee, the action will be dismissed without prejudice.

DATED:  May 25, 2010

_____
JEREMY FOGEL
United States District Judge

3

Case No. C 10-1640 JF (PVT)
ORDER DENYING MOTIONS FOR RECUSAL ETC..
(JFLC2)

1  Copies of this Order were served upon the following persons:

2

3  Yong Tan Huang
   345 N. 5th Street
4  San Jose, CA 95112

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 10-1640 JF (PVT)
ORDER DENYING MOTIONS FOR RECUSAL ETC..
(JFLC2)