**E-Filed 9/19/2011**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| YONG TAN HUANG, | Case Number 5:10-cv-01640-JF |
|---|---|
| Plaintiff, | ORDER[1] DENYING MOTION FOR ENTRY OF DEFAULT, DENYING MOTION TO VACATE DECLINATION OF DEFAULT, AND DISMISSING CASES NO. 5:10-cv-01640-JF AND 5:09-cv-05099-JF |
| v. | |
| TIM BELL, et al., | |
| Defendants. | |
| | Re: Docket Nos. 41, 44 |

This is one of two related cases that Plaintiff Yong Tan Huang has filed in this Court based upon personal injuries he claims he suffered while working on the property of Defendants Tim and Gayle Bell. Huang also names as Defendants two judges of the California superior and appellate courts, alleging that the judges acted improperly in adjudicating a case that Huang filed in state court based upon the same injuries.

Because Huang has failed to state a federal claim, this Court lacks jurisdiction over this action. Both federal cases will be dismissed without prejudice.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-01640-JF
ORDER DENYING MOTION FOR ENTRY OF DEFAULT, DENYING MOTION TO VACATE DECLINATION OF DEFAULT, AND DISMISSING CASES NO. 5:10-cv-01640-JF AND 5:09-cv-05099-JF
(JFLC3)

# I. BACKGROUND

Huang claims he suffered personal injuries at the Bells' residence on November 3, 2002. Dkt. 1 at 4. Sometime in October 2004, he filed an action based upon these injuries in the Santa Clara Superior Court. Dkt. 1 at 5. On January 5, 2007, the Superior Court dismissed the case. Dkt. 1 at 11. The California Court of Appeal subsequently affirmed. Dkt. 1 at 13.

### A. No. 5:09-cv-05099-JF

On October 26, 2009, Huang filed his first action in this Court. *See Huang v. Bell*, 5:09-cv-05099-JF. On December 7, 2010, this Court denied Huang's application to proceed *in forma pauperis* and allowed him thirty days to pay the filing fee. The order stated that if Huang failed to pay the filing fee within thirty days, the action would be dismissed without prejudice. On January 8, 2010, Huang filed an amended complaint, but he did not pay the filing fee. On February 2, 2010, this Court dismissed the action without prejudice for failure to pay the filing fee. The Court issued additional orders on March 24, 2010 and April 12, 2010, denying Huang's motion for relief from dismissal and clarifying that the action had not been dismissed on the merits.

### B. The Instant Action

Huang filed action number 5:10-cv-01640-JF on April 16, 2010. Huang asserts in his complaint that he suffered personal injuries at the Bells' residence and that the judges who adjudicated his case in state court engaged in misconduct. Huang also filed an application to proceed *in forma pauperis*.

On May 7, 2010, the Court related the later-filed case to the earlier-filed case. On May 4, 2010 and May 19, 2010, Huang filed two motions seeking recusal of the undersigned judge on the ground that this Court improperly adjudicated the earlier-filed case.

On May 26, 2010, the Court denied Huang's application to proceed *in forma pauperis* and his motions for recusal. The order advised Huang that if he did not pay the filing fee within thirty days, the later-filed action would be dismissed with prejudice. On June 7, 2010, Huang filed a notice of interlocutory appeal with respect to the May 26 order, and the Court stayed the

2

Case No. 5:10-cv-01640-JF
ORDER DENYING MOTION FOR ENTRY OF DEFAULT, DENYING MOTION TO VACATE DECLINATION OF DEFAULT, AND DISMISSING CASES NO. 5:10-cv-01640-JF AND 5:09-cv-05099-JF
(JFLC3)

action pending the appeal.  On November 23, 2010, the Ninth Circuit dismissed Huang's appeal.  Dkt. 30.

On July 27, 2011, Huang filed a motion for entry of default, which was denied on July 29, 2011.  On August 3, 2011, Huang filed another motion for entry of default.  Finally, on August 12, 2011, Huang filed a motion to vacate the July 29 declination of default.

## II. DISCUSSION

In civil cases, subject matter jurisdiction generally is conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332,[2] or federal question jurisdiction, 28 U.S.C. § 1331. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068-1069 (9th Cir. 2005).  A claim based on federal question jurisdiction can "be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Huang complains of "negligence on the part of the" Bells, Dkt. 1 at 2, and that his "[s]tate court judgment was procured through fraud, deception and perjury," Dkt. 1 at 4.  The facts recited at length in the complaint all concern Huang's personal injuries and the proceedings in state court.  Huang's only attempts to relate those facts to federal law consist of assertions that (1) the state court violated his due process rights under the Fourteenth Amendment by dismissing his case for noncompliance with court orders, Dkt. 1 at 20, and (2) the Bells committed perjury in the state court action in violation of 18 U.S.C. § 1621, Dkt. 1 at 36.  The due process claim is insufficient on its face, as a "federal district court does not have jurisdiction to review constitutional challenges to a state court's decision." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994).  The perjury allegation also is insufficient, as private citizens

---

[2] Huang has not asserted diversity jurisdiction.  On the face of the complaint, diversity jurisdiction does not appear to be a possibility because all the parties apparently are residents of California.

3

such as Huang "may not premise civil liability on the alleged violation of federal criminal statutes which do not provide, as a general matter, private causes of action." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1197 (C.D. Cal. 2001).

Accordingly, this Court concludes that complaint provides no support for federal question jurisdiction.

### III. ORDER

Good cause therefor appearing, this action and its related case 5:09-cv-05099-JF are DISMISSED without prejudice. Nothing in this order is intended to preclude Huang from pursuing any available remedies in the California state courts.

**IT IS SO ORDERED**.

DATED: September 19, 2011

_____
JEREMY FOGEL
United States District Judge