**E-Filed 2/4/2013**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| YONG TAN HUANG,<br><br>  Plaintiff,<br><br> v.<br><br>TIM BELL, et al.,<br><br>  Defendants. | Case No. 5:10-cv-01640-JF (PSG)<br><br>ORDER DENYING MOTION TO REOPEN CASE<br><br>[re: dkt. entry 89] |

Plaintiff Yong Tan Huang ("Huang") moves to reopen this case, which was closed on September 19, 2011. The Court has considered the briefing, the admissible evidence, and the oral argument presented at the hearing on January 31, 2013. For the reasons discussed below, the motion will be denied.

## I. DISCUSSION

On April 16, 2010, Huang filed a Notice of Removal that purported to remove his own complaint from the Santa Clara Superior Court. Huang alleged that he was injured while constructing a deck on the property of Tim and Gayle Bell. He claimed that the Bells had been negligent and that two state court judges committed misconduct during Huang's litigation of state court claims against the Bells. On May 7, 2010, this case was related to *Huang v. Bell, et al.*, Case

No. 5:09-cv-05099-JF, an earlier filed action in which Huang asserted claims against the Bells and others arising from the same alleged injuries on the Bells' property. The Court subsequently denied numerous motions filed by Huang seeking, *inter alia*, disqualification of the undersigned, leave to proceed *in forma pauperis*, and entry of default. On September 19, 2011, the Court dismissed both federal actions for lack of subject matter jurisdiction. In its dismissal order, the Court noted that Huang had not asserted jurisdiction based upon diversity of citizenship, and it also explained that Huang had failed to demonstrate jurisdiction on the basis of federal question, as follows:

> Huang complains of "negligence on the part of the" Bells, Dkt. 1 at 2, and that his "[s]tate court judgment was procured through fraud, deception and perjury," Dkt. 1 at 4. The facts recited at length in the complaint all concern Huang's personal injuries and the proceedings in state court. Huang's only attempts to relate those facts to federal law consist of assertions that (1) the state court violated his due process rights under the Fourteenth Amendment by dismissing his case for noncompliance with court orders, Dkt. 1 at 20, and (2) the Bells committed perjury in the state court action in violation of 18 U.S.C. § 1621, Dkt. 1 at 36. The due process claim is insufficient on its face, as a "federal district court does not have jurisdiction to review constitutional challenges to a state court's decision." *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). The perjury allegation also is insufficient, as private citizens such as Huang "may not premise civil liability on the alleged violation of federal criminal statutes which do not provide, as a general matter, private causes of action." *Idema v. Dreamworks, Inc.,* 162 F. Supp. 2d 1129, 1197 (C.D. Cal. 2001).

Dkt. Entry 49, Order, at 3-4. The case was closed in September 2011.

Huang apparently continued to seek relief in the state court, and at some point the state trial judge determined that Huang was a vexatious litigant. Huang thereafter filed numerous documents in this Court, including a "Motion to Request to Correct Unlawful Order of Judge Pierce filed on August 30, 2012 for Violation of 42 1983, C.C.P." *See* Dkt. Entry 86. Court staff informed Huang by telephone that the Court could not act on his motion unless and until the case was reopened. On November 15, 2012, Huang filed the present motion to reopen the case. Because Defendants had not yet appeared at the time the case was dismissed, they did not receive electronic service of the motion via the Court's electronic case filing system, nor were they required to respond to the motion. However, Huang apparently informed Defendants of the motion, and they filed opposition on December 14, 2012. Huang filed a reply on December 21, 2012 and a second reply on December 28, 2012. He submitted a third reply on January 23, 2013, and a declaration in support of that reply

on January 28, 2013.[1]

This Court's Civil Local Rules provide for the filing of a *single* reply within seven days after the date the opposition is due. Civ. L.R. 7-3(c). The Rules expressly prohibit the filing of serial documents such as those submitted by Huang in this case. Civ. L.R. 7-3(d). However, given Huang's *pro se* status, the Court in the exercise of its discretion will consider all of the reply materials submitted by Huang prior to the hearing.

After considering all of the documents submitted by Huang, and the oral argument he presented at the hearing, the Court remains of the opinion that it lacks subject matter jurisdiction over this case. Huang insists that he has asserted two federal questions:

> 1. THE PERJURY OF 18 U.S.C. §§ 1621 and 1623 VIOLATIONS COMMITTED BY THE DEFENDANTS TIMOTHY BELL, GAYLE BELL AND/OR THEIR ATTORNEY, MR. HUGH LENNON;
>
> 2. JUDGE PIERCE' [sic] ORDER IGNORED FACT AND EVIDENCE REPEATEDLY RAISED BY THE PLAINTIFF IN VIOLATION OF THE UNITED STATES BILL OF RIGHTS, DUE PROCESS UNDER 5TH AND 14TH AMEND. OF THE CONSTITUTION.

Dkt. Entry 101, Reply, at 2. Those are precisely the types of claims that this Court previously found insufficient to state a federal question. As set forth above, the Court explained in its prior order that federal criminal perjury statutes do not create a private right of action and that this Court may not review rulings of a state court judge. *See* Dkt. Entry 49. All of Huang's motion papers focus upon the alleged perjury and other fraudulent conduct of the Bells during litigation of Huang's state law claims, and upon the alleged misconduct of the judges who presided over those state court proceedings. Huang correctly points out that his papers assert new facts. For example, Huang claims that the Bells made fraudulent and deceitful statements during the state court proceedings that caused Judge Pierce to find Huang to be a vexatious litigant under California Code of Civil Procedure § 391; Judge Pierce has ordered that Huang may not file any papers in the state court

---

[1] The documents submitted on January 23 and 28 were marked by the Clerk's Office as "Received" rather than "Filed." On January 29, 2013, Huang filed a notice stating that those documents had not been entered on the Court's docket and requesting that the Clerk be directed to docket them. Huang's submissions of January 23 and 28 were docketed prior to the hearing.

3

Case No. 5:10-cv-01640-JF (PSG)
ORDER DENYING MOTION TO REOPEN CASE

United States District Court
For the Northern District of California

1 action without prior express leave of court.[2] *See* Dkt. Entry 101, Reply, at 2-3.  As the Court

2 explained at the hearing, those newly alleged facts do not give rise to federal question jurisdiction,

3 because Huang still is asking this Court to review the state court proceedings.  Accordingly,

4 reopening the case would not be warranted even if Huang had met the requirements of Federal Rule

5 of Civil Procedure 60(b), governing motions for relief from a final order or judgment (which he has

6 not).

7     The Court notes that Huang complains that the Bells failed to serve him with a copy of

8 certain exhibits filed on December 17, 2012.  *See* Dkt. Entry 102.  Huang states that he discovered

9 the documents on January 11, 2013 when he reviewed the docket.  The Court perceives no prejudice

10 to Huang, since he submitted an additional reply brief after discovering the documents.  Moreover,

11 the Court's analysis would be the same even if it were to exclude Defendants' opposition in its

12 entirety.

13     Huang requests that Defendants be directed to serve him with any future filings in this case.

14 The Court concludes that such an order is unnecessary – there should not be any future filings in this

15 case given the Court's repeated rulings that it lacks subject matter jurisdiction over Huang's claims.

### III. ORDER

17     The motion to reopen the case is DENIED.

19 DATED:  February 4, 2013

_____
JEREMY FOGEL
United States District Judge

---

[2] Huang's papers describe numerous other instances of alleged misconduct by the Bells and state judicial officers; those allegations need not be described in detail here.

4

Case No. 5:10-cv-01640-JF (PSG)
ORDER DENYING MOTION TO REOPEN CASE