**E-Filed 9/25/2013**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG TAN HUANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIM BELL, et al.,<br><br>　　　　　Defendants. | Case No. 5:10-cv-01640-JF (PSG)<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION<br><br>[re: ECF No. 112] |

　　　　Plaintiff Yong Tan Huang ("Huang") seeks leave to file a motion for reconsideration of the Court's order of January 21, 2013 denying his motion to reopen the instant case. Mot. for Leave, ECF No. 112. The Court concludes that this matter is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). For the reasons discussed below, the motion will be denied.

　　　　On September 19, 2011, by written order, the Court dismissed this action for lack of subject matter jurisdiction. Dismissal Order, ECF No. 49. The Court set forth its reasons in detail, pointing out that Huang had not asserted jurisdiction based upon diversity of citizenship and explaining why Huang had failed to demonstrate the existence of a federal question. *Id*. Huang thereafter submitted numerous documents, most of them not authorized under the Court's Civil Local Rules. *See, e.g.*, ECF Nos. 53, 55, 58-93, 99-107. Among those documents was a motion to reopen the case. Mot. to

Reopen, ECF No. 89.  The Court set a hearing with respect to that motion, both to ensure that it fully understood Huang's position and to help Huang understand the reasons for the dismissal of the action.  After considering the briefing and the oral argument presented by Huang at the hearing on January 31, 2013, the Court issued a written order denying the request to reopen the case.  Order Den. Mot. to Reopen, ECF No. 110.  The Court again explained its reasons for concluding that it lacks subject matter jurisdiction over Huang's claims.  *Id*.

Huang now seeks leave to file a motion for reconsideration of the Court's denial of his motion to reopen the case.  Under the Court's Civil Local Rules, a party may obtain leave to file a motion for reconsideration by showing:  (1) the existence of a material difference in fact or law from that previously presented to the Court; (2) the emergence of new material facts or a change of law occurring after issuance of the order as to which reconsideration is sought; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments.  Civ. L.R. 7-9(b).  Huang asserts that he submitted a reply in support of the motion to reopen on January 23, 2013, but that his reply was not docketed until the afternoon of January 31, 2013, after conclusion of the hearing on the motion to reopen.  He argues that as a result, the Court was not able to consider "all the key facts and the evidence."  Mot. for Leave at 1-2, ECF No. 112. However, the order denying the motion to reopen acknowledged expressly that Huang had submitted a third reply[1] on January 23, 2013 and a declaration in support of that reply on January 28, 2013; that the documents initially were marked by the Clerk's Office as "Received" rather than "Filed"; that the documents were docketed prior to the hearing; and that the Court had considered the documents, along with Huang's other reply materials, prior to issuing  the order.  Order Den. Mot. to Reopen at 2-3 & n.1, ECF No. 110.

Huang's motion for leave makes reference to Rules 60(a) and 60(b) of the Federal Rule of Civil Procedure.  Rule 60(a), governing the Court's authority to correct clerical mistakes in its orders and judgments, does not apply here.  Rule 60(b), governing the Court's authority to grant relief from its orders and judgments based upon certain specified grounds, including the existence of newly discovered evidence, likewise does not apply.  As discussed above, the Court did consider

---

[1] Huang previously had submitted replies on December 21, 2012 and December 28, 2012.  *See* ECF Nos. 99, 101.

2

Case No. 5:10-cv-01640-JF (PSG)
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

Huang's reply materials before issuing the order denying Huang's motion to reopen.

Accordingly, Huang's motion for leave to file a motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED:  September 25, 2013

_____
JEREMY FOGEL
United States District Judge