**E-Filed 1/22/2014**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG TAN HUANG, | Case No. 5:10-cv-01640-JF (PSG) |
| Plaintiff, | ORDER DENYING MOTION FOR THREE-JUDGE PANEL |
| v. | [re: ECF No. 118] |
| TIM BELL, et al., | |
| Defendants. | |

Plaintiff Yong Tan Huang ("Huang"), proceeding *pro se*, filed this action in the Santa Clara Superior Court, alleging that he suffered personal injuries while constructing a deck on the property of Tim and Gayle Bell. ECF No. 1. Huang subsequently filed a Notice of Removal that purported to remove his own complaint from the Santa Clara Superior Court. *Id*. On September 19, 2011, this Court dismissed the action for lack of subject matter jurisdiction. ECF No. 49. The Court explained that Huang had not asserted diversity jurisdiction and that his allegations were insufficient to establish federal question jurisdiction. *Id*. On February 4, 2013, the Court denied Huang's motion to reopen the case, again explaining that the Court lacks subject matter jurisdiction over his claims. ECF No. 110. On September 25, 2013, the Court denied Huang's motion for leave to file a motion for reconsideration. ECF No. 116.

1   On November 21, 2013, Huang filed a motion requesting appointment of a three-judge panel pursuant to 28 U.S.C. § 2284.  Mot. at 2:11-12, ECF No. 118.  Section 2284 provides as follows: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."  Huang does not assert an apportionment challenge.  Nor does he identify a statute that "otherwise require[s]" the convening of a three-judge panel in this case.

The caption of Huang's motion cites numerous statutes (most of which are not mentioned in the body of the pleading), but none of them provides authority for the requested three-judge panel.  For example, some of the statutes define the crime of perjury, *see* 18 U.S.C. §§ 1621, 1623, while others define federal question and diversity jurisdiction, *see* 28 U.S.C. §§ 1331, 1332.  A number of statutes confer upon district courts original jurisdiction to hear certain types of civil actions.  *See* 28 U.S.C. §§ 1343 (action implicating civil rights and elective franchise); 1347 (action to partition lands where the United States is a tenant in common or a joint tenant); 1357 (action arising from federal laws governing collection of revenues and voting rights); 1361 (action to compel a federal officer or employee to perform a duty).  Yet another statute governs actions alleging deprivation of civil rights under color of state law.  *See* 42 U.S.C. § 1983.  One statute, at least, is marginally relevant, providing that a three-judge panel's order granting or denying injunctive relief may be appealed directly to the United States Supreme Court; however, that statute does not authorize the convening of a three-judge panel in the first instance.  *See* 28 U.S.C. § 1253.  The remaining statutes upon which Huang relies have been repealed.  *See* 28 U.S.C. §§ 2281, 2282.

Accordingly, Huang's motion requesting appointment of a three-judge panel is DENIED.

DATED:  January 22, 2014

_____
JEREMY FOGEL
United States District Judge

2

Case No. 5:10-cv-01640-JF (PSG)
ORDER DENYING MOTION FOR THREE-JUDGE PANEL